UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNIE L. WILLIAMS,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No.  2:25-cv-1314 AC

**ORDER**

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be DENIED and defendant's cross-motion for summary judgment will be GRANTED.

I.  PROCEDURAL BACKGROUND

Plaintiff applied for DIB on July 9, 2022.  Administrative Record ("AR") 36, 167-71.[2] The disability onset date was alleged to be May 5, 2020.  AR 167.  The application was

---

[1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2]  The AR is electronically filed at ECF No. 7.

1

disapproved initially and on reconsideration.  AR 68-81, 82-89, 106-08.  On April 16, 2024, ALJ Daniel Luker presided over the hearing on plaintiff's challenge to the disapprovals.  AR 32-67 (transcript).  Plaintiff, who appeared with her counsel, was present and testified at the hearing.  Id. James Radke, a Vocational Expert ("VE"), also testified at the hearing.  Id.

On May 16, 2024, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), concluding that plaintiff was capable of performing past relevant work as a real estate agent.  AR 17-27 (ALJ decision).  When the Appeals Council declined to disturb the ALJ's decision, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.  AR 1-6.  Plaintiff filed this action on May 5, 2025.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 6.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner (ECF No. 7), have been fully briefed.  ECF Nos. 9 (plaintiff's summary judgment motion), 13 (Commissioner's summary judgment motion), 14 (plaintiff's reply).

## II.  RELEVANT FACTUAL BACKGROUND

Plaintiff was born in 1959, and accordingly was, at age 60, a person closely approaching retirement age when she filed her application.[3]  AR 68.  On plaintiff's Work History Report, she stated that she worked as a realtor from January 1987 until May 2020.  AR 26, 186.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v.

---

[3]  See 20 C.F.R. § 404.1563.

2

Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).  Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

3

(quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2025.

> 2. [Step 1] The claimant has not engaged in substantial gainful activity since May 5, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*).

> 3. [Step 2] The claimant has the following severe impairments: arthritis, mild anterior compression deformity of the lumbar spine, grade 1 spondylolisthesis at L4-L5; Diffuse mild to moderate disc space narrowing; multilevel facet arthropathy; Osteopenia; Foot Bunion; Foot disorder (20 CFR 404.1520(c)).

> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no use of ladders ropes, scaffolds, no more than occasional stoop, crouch, crawl. or walk on uneven ground. Further should be allowed to sit for 10 minutes out of every hour and be allowed to use a cane to ambulate.

> 6. [Step 4] The claimant is capable of performing past relevant work as a real estate agent. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from May 5, 2020, through the date of this decision (20 CFR 404.1520(f).

AR 17-27.  As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act.  AR 27.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred by finding that plaintiff can perform her past work as a real estate agent, as generally performed, despite her need for a cane.  ECF No. 9 at 5. Additionally, plaintiff argues the ALJ erred by failing to apply an updated regulation that altered the lookback period for determining Past Relevant Work (PRW).  ECF No. 9 at 5.  Plaintiff argues these alleged errors were harmful, and that the case should be remanded to the

Commissioner for an immediate award of benefits.  Id.

A.  Relevant Testimony and Findings

Plaintiff testified at her administrative hearing that she uses a cane to walk due to difficulty with balance.  AR 45-46.  Plaintiff stated that her last job for pay was as a residential real estate agent.  AR 47.  She performed this work from 1987 through May of 2020.  AR 186. She testified that as part of her job she held open houses, which require a lot of standing and walking.  AR 48.  Plaintiff stated that she has been unable to work as a residential real estate agent because of the walking and bending required.  AR 50.

As noted above, vocational expert James Radke testified at plaintiff's hearing.  AR 59-65. Radke testified to the classification of Williams's past work as a real estate agent, informing the court that the "DOT for that job is 250.357-018.  That's a light job as defined as well as performed.  Skill SVP 5, no others."  AR 60.  The ALJ asked Radke whether a hypothetical individual who, among other things, needed a cane to ambulate, could perform plaintiff's past work as a real estate agent.  AR 61.  Radke responded that the use of a cane would make it difficult for this individual to work as a real estate agent due to the need to walk on uneven surfaces.  AR 61–62.  Radke acknowledged that "[n]othing in the [Dictionary of Occupational Titles (DOT)] that would say could not perform," but added "[b]ut again, I think that would be difficult."  AR 62.  Radke explained that it would be difficult for a real estate agent to walk on a grade or slope but that "there's nothing in the DOT that would indicate a person could not perform that job."  Id.

The ALJ then asked Radke if his opinion would change if the hypothetical individual needed a cane and could occasionally walk on uneven ground.  AR 63.  Radke said his opinion would not change.  Id.  The ALJ then asked, "And does that description - - that - - does that kind of encompass the - - your concerns with the cane?"  Id.  The VE responded "[y]es."  Id.  At the end of the hearing, plaintiff emphasized that she would have difficulty performing her past work because "the area where we live, where I would mostly be working, is a very hilly area.  It's in the foothills."  AR 66.  She also indicated that VE Radke's testimony addressed this concern.  Id. As set forth above, the ALJ assigned plaintiff an RFC that included use of a cane for ambulation

6

and limited her to occasional walking on uneven ground.  AR 22.

B.  The ALJ Did Not Err in Finding Plaintiff Can Perform Past Relevant Work

At step four of the sequential evaluation in Social Security cases, the question is whether the claimant can perform "[t]he actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001).  "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. at 844.  A plaintiff can perform her past relevant work if she can do the job as she actually performed it or as the work is generally performed.  SSR 82–61, 1982 WL 31387; SSR 96–8p, 1996 WL 374184; Pinto, 249 F.3d at 844-45 (past relevant work can be considered either as generally performed or as plaintiff actually performed it).  If the ALJ determines the claimant has the RFC required to perform relevant past work, the claimant is found not disabled.  See 20 C.F.R. § 404.1520(f).

In his decision, the ALJ determined that the plaintiff is able to perform her past relevant work as a real estate agent with an RFC that limited her to occasional walking on uneven surfaces and allowed her to use a cane to ambulate.  AR 22, 26–27.  The ALJ relied on VE Radke's testimony that "there's nothing in the DOT that would indicate a person could not perform" the job of a real estate agent while requiring the use of a cane for ambulation.  AR 26-27, 62.  The vocational expert also stated that "using a cane, and walking on uneven surfaces, that would make it difficult.  Nothing in the DOT that would say could not perform.  But again, I think that would be difficult." AR 61-62.  The ALJ interpreted this response as one in which "the vocational expert testified that the job of real estate agent could still be performed." AR 26.

Plaintiff implies that the ALJ relied on the DOT *instead* of Radke's testimony, but a review of the ALJ's decision reveals that this is not the case.  ECF No. 9 at 7-8.  The ALJ expressly credits Radke's testimony as the source of his conclusion that plaintiff could perform PRW "as generally classified by the DOT." AR 26-27.  This is enough: PRW is available if it can be done as actually performed *or* as generally performed.  SSR 82–61; Pinto, 249 F.3d at 844-45.  Further, Radke's testimony is not inconsistent with the ALJ's conclusion that Radke sanctioned

7

the PRW as available to plaintiff: Radke said performing the job of real estate agent while requiring a cane would be difficult; he did not say that the job would be precluded. He repeatedly affirmed that pursuant to the DOT, the job would not be precluded with the given RFC. The ALJ was permitted to rely on this statement to find that plaintiff had PRW. AR 61-62. The court finds no error in the ALJ's reliance on the VE testimony or his conclusion at step four.

### C. Error Regarding the New Lookback Period for PRW is Harmless

Plaintiff's second argument is that the Appeals Council erred in not remanding the case to the ALJ due to a regulatory change which took effect between the ALJ's decision date and the Appeals Council's decision date. The regulatory change, Social Security Ruling (SSR) 24-2p, changed the PRW "lookback period" from 15 years to 5 years. ECF No. 9 at 10-11. The new rule does not apply retroactively; the agency expects federal courts to review its "final decisions using the rules that were in effect at the time we issued the decisions." SSR 24-2p, 2024 WL 2846571, at *48479 n.1. By its terms, SSR 24-2p applies to "claims newly filed *and pending* beginning on June 22, 2024." 89 Fed. Reg. 48138 (June 5, 2024) (emphasis added). Plaintiff argues that because her case was pending before the Appeals Council when SSR 24-2p became effective, the new 5-year lookback period applies.

Though this argument was relatively new when it was advanced by plaintiff in her July 2025 opening brief, it has since been addressed and validated by courts in this circuit. For example, in Urrutia v. Bisignano, a court in the District of Nevada addressed the same question presented here: does SSR 24-2p's 5-year lookback period apply if the ALJ issued an order before June 22, 2024, but the case was pending before the Appeal Council until after June 22, 2024? The Urrutia court answered in the affirmative, stating that since "Plaintiff's claim was pending before the Appeals Council on June 22, 2024, the Court must analyze the administrative decision under the 5-year lookback period." Urrutia, No. 2:25-cv-00650-EJY, 2025 WL 3238940, at *3 (D. Nev. Nov. 19, 2025), citing Mary C. E. v. Bisignano, Case No. ED 25-cv-1269-E, 2025 WL 2970248, at *9 (C.D. Cal. Oct. 20, 2025), see also Ruiz v. Bisignano, Case No. SA-24-cv-1039-XR-HJB, 2025 WL 2046416, at *5 (W.D. Tex. June 26, 2025), report and recommendation adopted, Case No. SA-24-cv-01039-XR, 2025 WL 2042773 (W.D. Tex. July 21, 2025). This

court is likewise "persuaded by Plaintiff's argument that the Appeals Council erred in failing to apply SSR 24-2[.]  The Social Security Administration clearly stated that SSR 24-2p applies to new applications filed on or after June 22, 2024, as well as claims pending on or after June 22, 2024." Hilda L. v. Bisignano, No. 24-cv-2348-MSB, 2026 WL 539341, at *5 (S.D. Cal. Feb. 26, 2026).  The undersigned finds this logic sound: plaintiff's claim was pending as of June 22, 2024, and accordingly, by its own terms, SSR 24-2p applies.

The question then becomes the date from which the 5-year lookback period runs.  Plaintiff argues the 5-year lookback period for PRW runs from the date last insured (DLI), which in this case, is March 31, 2025.  ECF No. 9 at 13, AR 19.  Under this theory, the relevant period for PRW would be March 31, 2020-March 31, 2025.  Defendant argues that the date runs from the ALJ's decision, issued May 16, 2024, and that the relevant lookback period for PRW is May 1, 2019-May 16, 2024.  ECF No. 13 at 7.  To determine the correct answer, the undersigned looks first to the Regulations themselves. The Commissioner's regulations state that in Title II cases where the DLI is in the future, the lookback period runs back from the date of adjudication.  89 Fed. Reg. 48138 (June 5, 2024).  The date of adjudication is the date the ALJ decision was issued. Urrutia, 2025 WL 3238940, at *4.  However, in Title II cases where the DLI is in the past, the lookback period runs from the DLI.  Id.

Defendant incorrectly characterizes plaintiff's argument as asking the court to calculate the DLI from the date of the Appeals Council's decision rather than the ALJ's decision.  ECF No. 13 at 7.  This is not what plaintiff argues.  Plaintiff argues that "for individuals (such as Ms. Williams) whose disability insurance has lapsed, the five-year look- back period is measured five years back from the date last insured (DLI)."  But here, the DLI (March 31, 2025 (AR 68)) was *not* lapsed at the time of the ALJ decision (May 16, 2024 (AR 27)), or even at the time of the Appeals Council decision (March 28, 2025 (AR1).  Instead, the DLI lapsed during the pendency of this federal case.  Pursuant to plaintiff's own definition of finality, with which the court agrees, the DLI lapsed *after* the Commissioner's decision became final by the Appeal Council's decision not to review the ALJ's decision.  Accordingly, because the DLI was in the future at the relevant time, the applicable start date for the PRW lookback period is the date of the ALJ's decision.

As stated above, the ALJ issued his decision on May 16, 2024, and the relevant lookback period accordingly extends back to May 1, 2019. Plaintiff does not dispute the ALJ's conclusion that plaintiff "performed the real estate agent occupation at substantially gainful levels from 2013 to 2019." ECF No. 9 at 13. Accordingly, even applying the correct lookback period of 5 years, plaintiff had PRW as a real estate agent in the relevant time period. Thus, there is no reversible error.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 9) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 13), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant and close this case.

DATED: May 14, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10